**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SHA-TARA MYRIE,

*Plaintiff*,

v.

KIMBERLY DAVIS, *et al.*,

*Defendants*.

Case No. 25-cv-4115-ABA

# MEMORANDUM OPINION

Self-represented Plaintiff Sha-Tara Myrie filed this action on her own behalf and on behalf of her six-year-old son, L.G., against Kimberly Davis, the principal of L.G.'s former school; the Baltimore City Board of School Commissioners (the "Board"); Midtown Academy, Inc. ("Midtown"), which operates the public charter school L.G. attended; and the Maryland State Department of Education ("MSDE").[1] Ms. Myrie alleges that after another student touched L.G. inappropriately at recess, school officials failed to report the incident, to notify her, or to investigate it adequately, and then retaliated against her for pressing the issue. Midtown has moved to dismiss, ECF No. 18, and the Board and Ms. Davis have moved to dismiss or, in the alternative, for summary judgment, ECF No. 22. For the reasons explained below, Ms. Myrie may not litigate the

[1] The amended complaint added MSDE as a defendant (ECF No. 17 at 3), but the docket does not reflect that MSDE has been served or has appeared. Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety days after the complaint is filed, the Court "on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Accordingly, the claims against MSDE will be dismissed without prejudice.

claims that belong to L.G., because she is not a lawyer; her own federal claims fail to state a claim upon which relief may be granted; and the Court will decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the motions to dismiss will be granted, and Ms. Myrie's claims against MSDE, which has not been served, will be dismissed without prejudice.

## I. Background[2]

Ms. Myrie's son, L.G., was a six-year-old student at Midtown Academy, a public charter school in Baltimore City, where Ms. Davis served as principal. ECF No. 17 at 2–3.[3] Ms. Myrie alleges that L.G. "is a child with documented disabilities"—she identifies diagnoses of attention deficit hyperactivity disorder and oppositional defiant disorder—although he did not have an individualized education program ("IEP") or Section 504 plan, and that school staff put off her requests for services. ECF No. 17 at 6.

On November 22, 2025, Ms. Myrie observed L.G. playing with his older sister in a way she considered inappropriate. ECF No. 17-1 at 1. When she asked where he had learned the behavior, L.G. described similar conduct among classmates at recess, and stated that an older student had touched his genitals over his clothes. *Id.* at 1–2. According to Ms. Myrie, L.G. said that he had told a recess coach at the time, that the coach said he would "handle" the other student, and that the other student then hit L.G. "for snitching." *Id.* at 2. Ms. Myrie alleges that no one at the school ever notified her.

---

[2] At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

[3] The amended complaint and its attachments contain no numbered paragraphs and are not consecutively paginated. Record citations are to the ECF-stamped page numbers, which may differ from the parties' own pagination.

ECF No. 17 at 6. Two days later, Ms. Myrie brought L.G. to school and reported his statement to an administrator, the school counselor, and Ms. Davis, who took notes and said that she would question the staff and contact the other students' parents. ECF No. 17-1 at 2. Ms. Myrie reported the incident the same day to Baltimore City Public Schools, to MSDE, and to Child Protective Services. *Id.*

The next day, Ms. Myrie emailed Ms. Davis asking for written confirmation that the other parents were being contacted, that an investigation had begun, and that a meeting would be scheduled. ECF No. 17-6 at 1. Ms. Davis responded that she had begun investigating, and that "[s]tudents and staff will be interviewed." *Id.* at 2. Ms. Myrie alleges that she "felt manipulated and forced to remove" L.G. from the school following Thanksgiving break, and that as she did so, Ms. Davis told her, "I did my part . . . . My obligation is done," and directed a staff member to help find L.G. another school. *Id.* at 3. Midtown's executive director wrote to Ms. Myrie several times in early December asking to meet and to arrange L.G.'s return, and after they spoke, confirmed that a staff member would help with the transfer. ECF No. 17-5 at 1–2, 7–8. L.G. transferred to another school after missing more than eighteen school days. ECF No. 17-1 at 2. Ms. Myrie alleges that L.G. "was transferred as retaliation for being asked about improper/ false information," and that only then did Ms. Davis send her what Ms. Myrie calls a "close undeveloped investigation." *Id.*

Ms. Myrie also raised her concerns with MSDE and the school district. MSDE closed its file, explaining that her correspondence did not allege a violation of the Individuals with Disabilities Education Act ("IDEA") and that MSDE lacks authority over personnel matters involving district employees. ECF No. 17 at 6; ECF No. 17-7 at 4. The district referred the matter to its fair practices office, ECF No. 17-8 at 2–3, but Ms.

Myrie alleges that the district never completed an investigation, "redirected [her] away from written communication," pressed for undocumented meetings, and eventually stopped responding to her. ECF No. 17 at 6; ECF No. 17-1 at 3–4.

Ms. Myrie filed this case in December 2025. ECF No. 1. After Defendants moved to dismiss, ECF Nos. 10 & 15, she filed an amended complaint, ECF No. 17, asserting claims under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment and for violations of the Fourteenth Amendment's Due Process Clause, including on a "state-created danger" theory; under Title IX of the Education Amendments of 1972; under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"); under the IDEA; and, under Maryland law, for negligent supervision and for violation of Maryland's mandatory reporting statute. Md. Code Ann., Fam. Law § 5-704; ECF No. 17 at 4; ECF No. 17-3. The amended complaint does not number the claims or specify which are asserted against which defendants. Like the parties, the Court construes each claim as asserted against all Defendants.[4]

Midtown has moved to dismiss, arguing that (1) the complaint does not allege that L.G. was excluded or harassed because of a disability, ECF No. 18-1 at 3–4; (2) it does not allege severe and pervasive harassment or deliberate indifference, *id.* at 4–5; (3) Ms. Myrie did not exhaust the IDEA's administrative process, *id.* at 5–6; (4) the complaint does not state a claim under § 5-704, *id.* at 6–8; (5) it does not state a claim for negligent supervision, *id.* at 8–9; and (6) it does not state a § 1983 claim, including

[4] In February 2026, the U.S. Department of Education's Office for Civil Rights wrote to Ms. Myrie, stating that it would investigate her complaint. ECF No. 17-9 at 1–2. The record does not indicate that that agency has taken any further actions with respect to the complaint.

under a state-created-danger theory, *id.* at 9–11. The Board and Ms. Davis have moved to dismiss the § 1983, IDEA, § 5-704, and negligent supervision claims, and in the alternative seek summary judgment on the Title IX, Section 504, ADA, First Amendment retaliation, and supervisory liability claims. ECF No. 22-2. The motions are fully briefed.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering such a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting Twombly, 550 U.S. at 555).

Ms. Myrie is self-represented, so the Court must construe her complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading[.]" *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).[5]

## III. Discussion

### A. Claims Asserted on L.G.'s Behalf

Before reaching Defendants' arguments, the Court must address a threshold issue. Ms. Myrie brings this case "individually and as parent/guardian of a minor child." ECF No. 17 at 1. She may represent herself. But because she is not a lawyer, she may not litigate claims that belong to her son. Accordingly, Ms. Myrie may not pursue the claims asserted on L.G.'s behalf, and the Court need not reach Defendants' arguments as to those claims.

Federal law provides that "the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This Court's Local Rules are to the same effect: "Individuals who are parties in civil cases may only represent themselves." Loc. R. 101.1(a) (D. Md. 2025). As the Fourth Circuit has explained, "[t]he right to litigate for oneself . . . does not create a coordinate right to litigate for others." *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005). Applying that principle, the Fourth Circuit joined "the vast majority of [its] sister circuits in holding that non-attorney

[5] The Board and Ms. Davis style their motion as one to dismiss or, in the alternative, for summary judgment, and support it with declarations and school records. Because the Court resolves the motions on the pleadings, it has not considered those materials, or the affidavit attached to Midtown's motion, ECF No. 18-2. *See* Fed. R. Civ. P. 12(d). The alternative request for summary judgment will be denied without prejudice, given that no discovery has occurred.

parents generally may not litigate the claims of their minor children in federal court." *Id.* at 401. The rule protects children, whose interests can be prejudiced even by "well-meaning, but legally untrained parents." *Id.* at 401–02. And although the defendants in *Myers* had not raised the issue, the Fourth Circuit raised it on its own. *Id.* at 399–400. Defendants have not raised it here either, but the Court likewise addresses it on its own.

That rule applies here, with respect to the claims that Ms. Myrie has asserted not on her own behalf but on behalf of L.G. Most of the claims in the amended complaint belong to L.G. The Title IX, Section 504, and ADA claims rest on allegations that another student touched L.G. at recess and that school staff failed to protect him or to respond adequately once they learned of these allegations. ECF No. 17 at 6; ECF No. 17-1 at 1–4; ECF No. 17-3. The Fourteenth Amendment claims assert L.G.'s right to bodily integrity and safety. ECF No. 17-3; *see* ECF No. 24 at 7–9. And the negligence claims seek to recover for harm to L.G. that allegedly resulted from inadequate supervision and the failure to report what happened to him. ECF No. 17-3; ECF No. 17-1 at 4. These are L.G.'s claims, and Ms. Myrie may not litigate them for him.

Accordingly, L.G.'s claims will be dismissed; that dismissal will be without prejudice. And because the claims asserted on L.G.'s behalf cannot proceed as currently presented, the Court need not reach Defendants' remaining arguments directed at them. Those include the Board and Ms. Davis's request for summary judgment on the Title IX, Section 504, and ADA claims (ECF No. 22-2; ECF No. 28 at 8); Midtown's arguments that the complaint does not allege harassment based on L.G.'s disability or harassment that was severe or pervasive (ECF No. 18-1 at 3–5; ECF No. 25 at 2–4); and Defendants' arguments regarding the Fourteenth Amendment claims (ECF No. 18-1 at 9–11; ECF No. 25 at 7; ECF No. 28 at 6–7, 9–10).

For Ms. Myrie's own claims, parents have "independent, enforceable rights" under the IDEA, and may pursue those rights without a lawyer. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533, 535 (2007). And Ms. Myrie's First Amendment retaliation claim (asserted via 42 U.S.C. § 1983) is based on actions allegedly taken against her because of her own advocacy. ECF No. 17 at 4; ECF No. 17-1 at 2–4. The Court addresses those claims below.

### B. Section 1983 Claims Against the Board and Ms. Davis in Her Official Capacity

Ms. Myrie's own claims against the Board under 42 U.S.C. § 1983 fail at the threshold, because the Board is not a "person" subject to suit under § 1983. Section 1983 creates a cause of action against "[e]very person" who, under color of state law, deprives another of rights secured by federal law. 42 U.S.C. § 1983. But a State is not a "person" under § 1983, and neither are governmental entities that are arms of the State. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Maryland has long treated county boards of education as agencies of the State, rather than "local governments" under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). *See Bd. of Educ. of Prince George's Cnty. v. Sec'y of Pers.*, 317 Md. 34, 44 n.5 (1989) ("It is settled that county boards of education are State agencies"); *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 248 n.5 (4th Cir. 2012) (holding that a Maryland county board of education "is an agent of the State").

Ms. Myrie does not argue otherwise. She contends only that "[e]ven if the court determines that [the Board] is not a 'person' for purposes of liability under 42 U.S.C. § 1983," the Board "still played a direct role in the events and investigation underlying the claims in this case." ECF No. 24 at 1. Whatever role the Board played, § 1983 does not

supply a cause of action against it. The § 1983 claims against the Board will therefore be dismissed with prejudice, because no amendment could make the Board a "person" within the meaning of § 1983.

The § 1983 claims against Ms. Davis in her official capacity fare no better, because a suit against a state official in her official capacity is, in effect, a suit against the State itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Ms. Davis's employer is the Board, so the official capacity claims against her are claims against the Board—which, as explained above, is not a "person" under § 1983. *See Will,* 491 U.S. at 71. Accordingly, the official capacity claims for damages will be dismissed with prejudice.

For these reasons, Ms. Myrie's § 1983 claims may only proceed, if at all, against Ms. Davis in her individual capacity.[6]

### C. First Amendment Retaliation

Ms. Myrie alleges that after she reported what happened to L.G., Ms. Davis stopped communicating with her, closed the investigation without adequate findings, and pushed L.G. out of Midtown Academy. ECF No. 17 at 4; ECF No. 17-1 at 2–4. Regardless of whether her advocacy on her son's behalf constituted speech protected by the First Amendment, the amended complaint does not plausibly allege that Ms. Davis took any adverse action against Ms. Myrie because of that advocacy, and therefore her retaliation claim against Ms. Davis fails.

---

[6] To the extent the amended complaint seeks prospective injunctive relief against Ms. Davis in her official capacity—a category of claim not barred by *Will*—Ms. Myrie faces a separate obstacle: L.G. no longer attends Midtown Academy and the complaint does not allege any real and immediate threat that he or Ms. Myrie will be subject to the challenged practices again.

The First Amendment generally prohibits government officials from engaging in retaliatory actions against an individual because of the individual's protected speech. *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019). To state a claim for retaliation in violation of the First Amendment, a plaintiff must allege that (1) she "engaged in protected First Amendment activity," (2) the defendant "took some action that adversely affected [her] First Amendment rights," and (3) "there was a causal relationship between [her] protected activity and the defendant['s] conduct." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). Conduct adversely affects First Amendment rights when it "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Id.* at 500 (quotation omitted).

The primary conduct Ms. Myrie claims constituted First Amendment retaliation was that Ms. Davis allegedly "delayed communications, ceased responding, and terminated the investigation without proper [r]esolution." ECF No. 24 at 7; *see* ECF No. 17-1 at 2. But "[n]othing in the First Amendment or in [the Supreme] Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications." *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984); *see Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 465 (1979) (the First Amendment does not "impose any affirmative obligation on the government to listen, to respond"); *cf. L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 627 (9th Cir. 2020) (a school district's lack of response to a parent's "relentless" communications did not violate the First Amendment).

That leaves the allegation that L.G. "was transferred as retaliation." ECF No. 17-1 at 2. That assertion is a legal conclusion, not a factual allegation, and the amended

complaint's own account is different: Ms. Myrie alleges that she "felt manipulated and forced to remove" L.G., and that Ms. Davis, when asked, directed a staff member to help identify another school. *Id.* at 3. The complaint does not allege that Ms. Davis ordered L.G.'s transfer, conditioned his return to school on anything, or took any concrete action against his enrollment.

The Board and Ms. Davis sought summary judgment on this claim on the grounds that no reasonable jury could find an adverse action. ECF No. 28 at 9. Because the claim fails on the pleadings, the Court does not reach that request. For these reasons, the First Amendment retaliation claim will be dismissed as to all Defendants, because the complaint likewise alleges no retaliatory conduct by Midtown. *See* ECF No. 17-5 at 1–2, 7.

**D. IDEA**

Unlike the claims brought on L.G.'s behalf, Ms. Myrie may pursue an IDEA claim in her own right. *See Winkelman*, 550 U.S. at 533, 535. Her IDEA claims nonetheless fail, as explained below.

The IDEA requires states that accept federal special education funds to make a free appropriate public education ("FAPE") available to eligible children with disabilities, and it establishes administrative procedures through which parents may challenge the denial of a FAPE, eventually culminating in a due process hearing. *See* 20 U.S.C. §§ 1412(a)(1), 1415(f). A parent dissatisfied with the outcome of that process may then file a civil action. 20 U.S.C. § 1415(i)(2)(A).

But the primary relief Ms. Myrie seeks—compensatory damages for emotional distress and related harms, ECF No. 17-4 at 1–2—is not available under the IDEA. "Tort-like damages are simply inconsistent with IDEA's statutory scheme." *Sellers v. Sch. Bd.*

*of Manassas*, 141 F.3d 524, 527 (4th Cir. 1998). Ms. Myrie does not contend otherwise. And to the extent Ms. Myrie seeks relief that the IDEA *does* provide, such as "compensatory education," "injunctive relief," and "educational services necessary to remedy the harm caused," *see* ECF No. 24 at 4, she was required to exhaust the IDEA's administrative process before filing suit. "Before suing, . . . a parent generally must exhaust state administrative remedies." *Z.W. v. Horry Cnty. Sch. Dist.*, 68 F.4th 915, 917 (4th Cir. 2023); *see* 20 U.S.C. § 1415(l). Exhaustion requires filing a due process complaint and proceeding to an impartial due process hearing. 20 U.S.C. § 1415(b)(6), (f)(1)(A). Only a "party aggrieved by the findings and decision" from that process may then file a civil action. *Id.* § 1415(i)(2)(A).

The administrative complaints Ms. Myrie filed did not satisfy the exhaustion requirements for IDEA's administrative process.[7] MSDE treated her correspondence as a potential "State complaint" under 34 C.F.R. §§ 300.151–.153, and closed it without opening an investigation, because it did not allege facts constituting a violation of the IDEA. ECF No. 17-7 at 4. The amended complaint does not allege that Ms. Myrie ever filed a due process complaint, that a hearing was held, or that a hearing officer issued

[7] Ms. Myrie asserts that, under *Fry v. Napoleon Community Schools*, 580 U.S. 154 (2017), and *Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023), "exhaustion of administrative procedures is not required when a lawsuit seeks relief for civil rights violations, discrimination, or student safety issues rather than the denial of specific educational services." ECF No. 24 at 3. But those cases address a different question: when plaintiffs bringing claims under other statutes (such as the ADA or Section 504) must first exhaust the IDEA's procedures. They do not excuse exhaustion for a claim brought under the IDEA itself, by a plaintiff seeking relief the IDEA provides. *See* ECF No. 28 at 2–3.

findings and a decision. For these reasons, the IDEA claims will be dismissed without prejudice.

**E. State Law Claims**

Having concluded that Ms. Myrie's federal claims must be dismissed, that leaves her claims under Maryland law for negligent supervision and for violation of the mandatory reporting statute, which are claims that arise under state law, rather than federal law. Md. Code Ann., Fam. Law § 5-704. Federal courts may hear certain state claims related to federal claims via supplemental jurisdiction. 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). "[A] district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); *see also Ramsay v. Sawyer Prop. Mgmt. of Md., LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013), *aff'd*, 593 F. App'x 204 (4th Cir. 2014) ("[S]upplemental jurisdiction is a doctrine of discretion, and not a plaintiff's right.").

"Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Morales v. Richardson*, 841 F. Supp. 2d 908, 914 (D. Md. 2012), *aff'd*, 475 F. App'x 894 (4th Cir. 2012); *see also Gregory v. Otac, Inc.*, 247 F. Supp. 2d 764, 773 (D. Md. 2003) ("A majority of the courts which have considered the question have declined to exercise pendent jurisdiction over a state claim when the federal claims have been disposed of prior to a full trial on the merits.").

Here, the case is at an early pretrial stage, and the parties have not invested significant resources litigating the state law issues in this Court. Those issues, moreover, are ones of Maryland law that are best left to Maryland's courts if Ms. Myrie wishes to continue to litigate them. Considering principles of fairness, judicial economy, and comity, the Court will decline to exercise supplemental jurisdiction over Ms. Myrie's state law claims, which will be dismissed without prejudice to refiling in state court.[8]

### F. Conclusion

For the foregoing reasons, the Court will grant Midtown's motion to dismiss (ECF No. 18) and will grant the Board and Ms. Davis's motion (ECF No. 22) insofar as it seeks dismissal, denying without prejudice the alternative request for summary judgment. The claims asserted on L.G.'s behalf are dismissed without prejudice. Except as noted below, Ms. Myrie's own claims are also dismissed without prejudice, and she will be provided thirty days to amend her complaint as to her own claims. If Ms. Myrie does not amend within thirty days, the dismissal shall be with prejudice as to her own federal claims only, except the dismissal of her IDEA claims, her claims against MSDE, and of any claim for prospective relief against Ms. Davis in her official capacity, which will remain without prejudice. The § 1983 claims against the Board, and the § 1983 damages claims against Ms. Davis in her official capacity, are dismissed with prejudice, because no amendment could cure that defect. Midtown's request to strike Ms. Myrie's opposition is

---

[8] The Court accordingly does not reach, and expresses no view on, Defendants' arguments that § 5-704 provides no private right of action; that touching by another student is not "abuse" within the meaning of Md. Code Ann., Fam. Law § 5-701; that § 5-704 does not apply to school boards; that Maryland law does not recognize claims for educational negligence; that the complaint does not adequately allege foreseeability; or that a negligent supervision claim lies only against an employer. ECF No. 18-1 at 6–9; ECF No. 25 at 5–6; ECF No. 28 at 3–5, 7.

denied, and Ms. Myrie's claims against MSDE are dismissed without prejudice under Rule 4(m). A separate order follows.

Date: November 16, 2026

/s/
Adam B. Abelson
United States District Judge